Case 1:18-cv-00098   Document 9   Filed on 07/06/18 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 06, 2018
David J. Bradley, Clerk

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PATRICK ANTHONY RIBBING,  Plaintiff, | § § § | |
| v. | § § | Civil Action No. B: 18-98 |
| STATE OF TEXAS, ET AL.,  Defendants. | § § § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 18, 2018, Plaintiff Patrick Anthony Ribbing filed a civil rights complaint against Defendants State of Texas, Brownsville Police Department, and "Officer Martinez." Dkt. No. 1. As best the Court can ascertain, the crux of Ribbing's complaint is that he was subjected to excessive force when he was arrested for public intoxication in 2008.[1]

Ribbing has moved to proceed in forma pauperis in this Court. Dkt. No. 2. That motion, in turn, requires the Court to conduct an independent review of Ribbing's claims. 28 U.S.C. § 1915(e)(2). After conducting that review, the Court recommends that Ribbing's complaint be dismissed.

### I. Background

Ribbing's complaint is, at best, rambling and unfocused. What can be ascertained is that at some point, prior to July 9, 2008, Ribbing was arrested by the Brownsville Police Department for public intoxication. Dkt. No. 1-1, p. 5.

On July 9, 2008, the city attorney filed a motion to dismiss the public intoxication charge because of "insufficient evidence." Dkt. No. 1-1, p. 4. On that same day, the municipal judge granted the motion and dismissed the charges against Ribbing. Id, p. 7.

---

[1] On July 5, 2018, Ribbing filed an amended complaint, which made no substantive claims, but instead purported to be a Court order of default judgment against the Defendants. Dkt. No. 6.

Ribbing claims that he was subjected to "excessive force and unprofessionalism" when he was arrested, and that the force used aggravated a pre-existing injury to his shoulder. Dkt. No. 1-1, p. 5.

Ribbing seeks one million dollars in punitive damages; five million dollars for the pain and suffering that was caused to his shoulder; ten million dollars to compensate for his "post-medical discharge from the military[2]," and a "one trillion dollar immediate out of court settlement for potential cover-ups to try and hide these war crimes, as an accomplice and to be charged as cohorts as dictated in the Legal Notice and Demand." Dkt. No. 1-1, pp. 5-6.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they

---

[2] According to the Department of State documents that Ribbing attached to the complaint, he was not in the military, but his mother served "a tour of duty in Baghdad." Dkt. No. 1-1, p. 2. There is no evidence in the record to indicate that Ribbing ever served in the military, let alone that he was medically discharged from military duty.

2

committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

"To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that [he] was seized." Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004). The plaintiff must then show that he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." Hamilton v. Kindred, 845 F.3d 659, 662 (5th Cir. 2017) (quoting Flores, 381 F.3d at 396).

**B. Section 1915**

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added). See Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous in forma pauperis complaint is proper).

Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). Rhine v. City of Mansfield, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998)).

A civil litigant does not have a right to proceed in forma pauperis; "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)(emphasis added) (quoting Startti v. U.S., 415 F.2d 1115, 1116 (5th Cir. 1969)). "A complaint is frivolous if it lacks an arguable basis in law or fact." Black v. Warren, 134 F.3d at 733.

3

**C. Rule 12(b)(6)**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

If a claim is clearly untimely on its face, then it is subject to dismissal for failure to state a claim upon which relief can be granted. Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

**III. Analysis**

As to the excessive force claim, the Court observes that Ribbing's claim is untimely filed. Furthermore, even if it was not untimely filed, Ribbing has failed to state a claim upon which relief can be granted. Affording Ribbing the latitude required for a <u>pro se</u> litigants, neither the record, nor the law, support his excessive force claim, mandating its dismissal. To the extent that Ribbing raises any other claims, they are fanciful and should be dismissed on that basis.

    **A. Untimely**

"Federal courts look to federal law to ascertain when a § 1983 action accrues and the limitations period begins to run, but state law supplies the applicable limitations period and tolling provisions." <u>Gonzalez v. Seal</u>, 677 F. App'x 918, 921 (5th Cir. 2017) (citing <u>Harris v. Hegmann</u>, 198 F.3d 153, 156-57 (5th Cir. 1999)) (internal quotations omitted). Under Texas law, the statute of limitations period is two years. <u>Morrill v. City of Denton, Texas</u>, 693 F. App'x 304, 305 (5th Cir. 2017) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Under federal law, an excessive force claim generally accrues on the date when the force is inflicted. <u>Armstrong v. Serpas</u>, 670 Fed. App'x. 851, 852 (5th Cir. 2016).

Given that the charges were dismissed against Ribbing on July 9, 2008, it naturally follows that he was arrested prior to that date. Accordingly, the statute of limitations must have expired no later than July 9, 2010. Ribbing's complaint is filed almost eight years beyond the expiration of the statute of limitations, making it clearly untimely.

Under Texas law, the statute of limitations is tolled if the plaintiff is (1) under the age of 18, or, (2) "of unsound mind." TEX. CIV. PRAC. & REM. CODE § 16.001(a). The "unsound mind" provision "applies to a person who suffers from an inability to participate in, control, or understand the progression and disposition of their lawsuit." <u>Gribble v. Layton</u>, 389 S.W.3d 882, 893 (Tex. App. 2012). Ribbing bears the burden of proving that he was of an unsound mind during a sufficiently lengthy period that would toll the statute of limitations. <u>Smith v. Erhard</u>, 715 S.W.2d 707, 709 (Tex. App. 1986), writ refused N.R.E. (Nov. 26,

1986). "Generally, a person of unsound mind is considered synonymous with an insane person." Chavez v. Davila, 143 S.W.3d 151, 154 (Tex. App. 2004).

Ribbing does not state any basis for statutory tolling in this case and none is apparent from the record. While the Court later holds that some of Ribbing's claims are fanciful, it is not apparent from the record that Ribbing is "an insane person." Chavez, 143 S.W.3d at 154. Furthermore, there is no evidence in the record that Ribbing has been insane continuously for a sufficient duration to toll the statute of limitations long enough to make his claim timely filed.

"A complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim on which relief may be granted when the affirmative defense [of statute of limitations] clearly appears on the face of the complaint." A.W. v. Humble Indep. Sch. Dist., 25 F. Supp. 3d 973, 988 (S.D. Tex. 2014), aff'd sub nom. King-White v. Humble Indep. Sch. Dist., 803 F.3d 754 (5th Cir. 2015) (citing White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973). Given the inescapable fact, that the cause of action arose no later than almost 10 years ago and no basis is shown to toll the running of that limitations period, this claim should be dismissed for failure to state a claim upon which relief can be granted.[3]

### B. Fanciful

To the extent that Ribbing's complaint raises other claims, they should be likewise be dismissed as fanciful and frivolous. Ribbing seeks to have the Government enter into an agreement that allows Ribbing to "override all potential threats and/or unauthorized orders

---

[3] "To prevail on an excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Ramirez v. Knoulton, 542 F.3d 124, 128 (5th Cir. 2008). Ribbing has not pled any facts about the nature of the force that was used against him or why that force was unreasonable under the circumstances. Normally, the Court would require Ribbing to file an amended complaint to address those issues to ensure that his complaint was not unfairly dismissed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, any such amendment would be futile in light of the obvious untimeliness of his claim. Machetta v. Moren, 726 F. App'x 219, 220, n. 1 (5th Cir. 2018) (no basis to permit plaintiff to amend complaint when amendment would be futile).

from corrupt judges or court officials as imposters and accomplices to war crimes" and have those people "taken into custody immediately by the Department of Justice and the U.S. Marshal's Office for nothing less than a bureaucratic nightmare." Dkt. No. 1-1, p. 5. He similarly alleges that, "should any engagement bring about questions to this Peace Treaty in accordance with Article 6 & 10 of the Louisiana Purchase under Napoleonic Law/Empirical Law/Treaty Law/Admiralty Jurisdiction or its authenticity in the future by outsiders, an immediate removal and nothing less of a bureaucratic nightmare will be the ONLY result as it would be potential fraud with no experience or qualifications to proceed which are prerequisite requirements." Id. (capitalizations original). On their face, these allegations are indecipherable. There is simply no method to divine their meaning from the context of Ribbing's complaint.

When addressing in forma pauperis claims under § 1915(d), "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). If a factual allegation is "clearly baseless," the Court may dismiss it, even without judicially noticeable facts available to contradict the claim. Id.

The notion that Ribbing is entitled to have "corrupt" judicial officers immediately arrested,[4] or that Ribbing was the victim of "war crimes" at the hands of the Defendants, is clearly unsupported by the record or the facts. These allegations are clearly baseless. See Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992) ("Examples of complaints within the clearly baseless category are those which describe fanciful, fantastic, or delusional scenarios."). Accordingly, these claims should be dismissed.

---

[4] The Court notes, in passing, that when he was displeased with an order issued in a similar federal civil rights case, Ribbing issued an "order removing judge from case," purporting to have the authority to remove the federal magistrate judge from judicial service. Ribbing v. State of Florida, Civil Case No. 3:18-303-MCR-EMT (2018), Dkt. No. 11. When that order did not have its desired effect, Ribbing issued another order, holding the Court in contempt. Id, Dkt. No. 15.

**IV. Recommendation**

It is recommended that Patrick Anthony Ribbing's complaint, Dkt. No. 1, be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 6, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge